IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAILCREW XPRESS, LLC and BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>SERGIO TINAJERO,<br><br>    Third-Party Defendant. | 4:24-CV-3051<br><br>MEMORANDUM AND ORDER |

The third-party plaintiffs, Railcrew Xpress and BNSF Railway Company, move for default judgment against the defaulted third-party defendant, Sergio Tinajero. Filing 46. Their motion will be denied.

## BACKGROUND

This proceeding was initiated by Anthony Rushman, a BNSF employee who was injured in an automobile accident allegedly caused by Tinajero. *See* filing 1. Specifically, Rushman was a BNSF locomotive engineer, and BNSF contracted with Railcrew Xpress to transport Rushman from a terminal in Ravenna, Nebraska to a motel in Grand Island, Nebraska. Filing 1 at 4. The Railcrew Xpress vehicle was being operated by Jessica Ehlers. Filing 1 at 4. Ehlers was driving the Railcrew Xpress vehicle east on Highway 2, and collided with the pickup truck Tinajero was driving west on Highway 2. Filing 1 at 4. Rushman was seriously injured. Filing 1 at 5.

Rushman sued BNSF and Railcrew Xpress alleging, generally, that their negligence was a proximate cause of his injuries. *See* filing 1. BNSF and

Railcrew Xpress answered Rushman's complaint. Filing 8; filing 9. They also jointly filed a third-party complaint against Tinajero, alleging that he had crossed the center line of Highway 2 and that his negligent acts or omissions "were the direct and sole proximate cause of [Rushman]'s alleged injuries and damages." Filing 15 at 4. Accordingly, they claimed that they were entitled to contribution from Tinajero for any recovery obtained from them by Rushman. Filing 15 at 4-5. Tinajero was served, *see* filing 23, but failed to appear. The Clerk of the Court entered his default on October 2, 2024. Filing 30.

Meanwhile, Rushman, BNSF, and Railcrew Xpress settled Rushman's claims. *See* filing 39. Rushman's claims were dismissed with prejudice, and Rushman was dismissed as a party. Filing 44. The apparent amount of the settlement was $750,000. *See* filing 46-1 at 2.

BNSF and Railcrew Xpress have now moved for default judgment. They[1] seek to recover $750,000 paid to Rushman, and another $322,826 apparently paid to Ehlers in workers' compensation benefits. Filing 46 at 2. Their theory of recovery remains contribution: They assert that they have "paid more than their pro rata share of the common liability" between themselves and Tinajero, and that they "have extinguished their liability to . . . Rushman through settlement." Filing 46 at 2-3.

SCOPE OF REVIEW

When a default judgment is entered, the facts alleged in the complaint, except as to damages, may not be later contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It

---

[1] BNSF and Railcrew Xpress move jointly for default judgment, although it appears from the limited evidence available that only Railcrew Xpress has actually paid out any money. *See* filing 46-1 at 2. In light of other issues, however, the Court need not solve that problem now.

remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Id.* Therefore, the Court must ensure that the unchallenged facts constitute a cause of action before entering final judgment. *Marshall*, 616 F.3d at 852-53. And then, even though the allegations of the plaintiff's complaint are admitted, *see id.*, it is still necessary for the Court to determine the plaintiff's damages based upon the evidence. *See* Rule 55(b)(2)(B); *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

## DISCUSSION

The theory of BNSF and Railway Xpress's claim, as stated in both their third-party complaint and motion for default judgment, is contribution. *See* filing 15 at 4-5; filing 46 at 2. The doctrine of contribution is an equitable doctrine which requires that persons under a common burden share that burden equitably. *In re Est. of Harchelroad*, 18 N.W.3d 103, 113 (Neb. 2025). Contribution is defined as a sharing of the cost of an injury as opposed to a complete shifting of the cost from one to another, which is indemnification. *United Gen. Title Ins. Co. v. Malone*, 858 N.W.2d 196, 212 (Neb. 2015). The prerequisites to a claim for contribution are that the party seeking contribution and the party from whom it is sought share a common liability and that the party seeking contribution has discharged more than his or her fair share of the common liability. *Est. of Harchelroad*, 18 N.W.3d at 113.

## RUSHMAN

The contribution claim for Rushman's injuries, however, presents additional requirements, because his claims were settled.

> [I]n order to recover on a claim for contribution among joint tort-feasors, the following elements must be shown: (1) There must be a common liability among the party seeking contribution and the parties from whom contribution is sought; (2) the party seeking contribution must have paid more than its pro rata share of the common liability; (3) the party seeking contribution must have extinguished the liability of the parties from whom contribution is sought; and (4) if such liability was extinguished by settlement, the amount paid in settlement must be reasonable.

*Est. of Powell ex rel. Powell v. Montange*, 765 N.W.2d 496, 504 (Neb. 2009); *accord Edwards v. Est. of Clark*, 982 N.W.2d 788, 794 (Neb. 2022).

The third element is the problem here, because it requires a party seeking contribution to show that it has discharged the liability of the party from whom it seeks to recover. *See Edwards*, 982 N.W.2d at 794. Contribution requires that a common burden be shared equitably, and

> [i]f the common burden is to be shared, the discharge of liability from such burden must also be shared. Thus, a right of contribution among joint tort-feasors is not established if the tort-feasor seeking contribution extinguishes only his or her liability and does not extinguish the liability of the other joint tort-feasors from whom contribution is sought.

*Est. of Powell*, 765 N.W.2d at 504. And the movants here neither allege nor aver that. Instead, they assert only that "Third-Party Plaintiffs have extinguished *their liability* to Plaintiff Anthony Rushman through settlement." Filing 46 at 3 (emphasis supplied). That says nothing about extinguishing

Tinajero's liability. Nor can the Court consider the settlement agreement itself, because the movants haven't provided it to the Court—the affidavit supporting their motion for default judgment says that a copy of the settlement agreement is attached, but it's not. *See* filing 46-1.

In short, the only claim for relief in the movants' third-party complaint is contribution, but their motion for default judgment strongly suggests that claim may no longer be viable. *E.g. Est. of Powell*, 765 N.W.2d at 504-05.

Eʜʟᴇʀꜱ

The movants' attempt to recover the workers' compensation benefits paid to Ehlers faces different hurdles. First, it wasn't pled: The third-party complaint makes no mention of Ehlers' injuries or damages, and it's not at all clear that the theory of recovery presented—contribution—can be applied to payments made to her. As noted above, contribution rests on a common liability. *Est. of Harchelroad*, 18 N.W.3d at 113. But an employer isn't liable in tort for an employee's injury. *Downey v. W. Cmty. Coll. Area*, 808 N.W.2d 839, 851 (Neb. 2012) Accordingly, an employer covered by workers' compensation doesn't have a common liability with the third party, which is necessary for contribution. *Id.* at 851; *see also Harsh Int'l, Inc. v. Monfort Indus., Inc.*, 662 N.W.2d 574, 579 (Neb. 2003).

Instead, Ehlers' employer might have a subrogation claim. *See* Neb. Rev. Stat. § 48-118. But such a claim, again, wasn't pled—and the Court is unwilling to use a motion for default judgment as a shoehorn for a theory of recovery that wasn't alleged, based on damages not mentioned in the pleadings. That's particularly concerning because a subrogation claim doesn't exist in a vacuum—it's unlikely that Ehlers received $322,826 in workers' compensation benefits without suffering other injuries not covered by workers' compensation, and her right to recover those damages from Tinajero isn't extinguished. *See*

§ 48-118. Whether she's pursued them is unknown, and how those claims were pursued and resolved would affect any subrogation claim brought here.[2]

CONCLUSION

To summarize: The movants' third-party complaint alleges one claim for relief—contribution based on Rushman's damages—and that claim isn't viable unless the Rushman settlement agreement also extinguished Tinajero's liability to Rushman. The motion introduces a second claim based on Ehlers' workers' compensation, but that's not a contribution claim and neither the pleadings nor the record are sufficient for a subrogation claim.

The Court will, therefore, deny the motion for default judgment. Given the distinct possibility that the only claim pled in the third-party complaint was undone by settlement, the Court will also direct BNSF and Railcrew Xpress to show cause why the third-party complaint shouldn't be dismissed. Whether they elect to amend their pleading, supplement their motion for default judgment, or walk away, is up to them.

IT IS ORDERED:

1.    BNSF's and Railcrew Xpress's motion for default judgment (filing 46) is denied.

---

[2] It's not even obvious to the Court that it *can* enter judgment on such a claim, at least not without Ehlers. Had the movants *settled* a claim against Tinajero, either Ehlers would have to agree to the settlement or the Court would have to compel it. *See* Neb. Rev. Stat. § 48-118.04; *see also, e.g.*, *Vanicek v. Kratt*, 700 F. Supp. 3d 725 (D. Neb. 2023); *Kroemer v. Omaha Track Equip., L.L.C.*, 898 N.W.2d 661, 666 (Neb. 2017). Surely its authority to enter default judgment is no greater.

2.    On or before July 30, 2025, BNSF and Railcrew Xpress shall show cause why their third-party complaint should not be dismissed.

3.    The Clerk of the Court shall set a show cause deadline for July 30, 2025.

Dated this 1st day of July, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge